NELSON CRONKHITE v. HIRAM R. MILLS AND DANIEL FOL- LENSBEE.

*Depositions—Settlement of interrogatories—Identity of commissioner.*

1. A commissioner has no *authority* to settle interrogatories to be annexed to a commission to take depositions, *before* the hour appointed in the notice of such proposed settlement.
2. The execution and return of the commission to take testimony directed to James I. McKenzie, by James S. McKenzie, is not necessarily a sufficient ground for the rejection of the depositions, the question being one of identity.

Error to St. Clair. (Canfield, J.) Argued June 28, 1889. Decided October 18, 1889.

Replevin. Defendants bring error. Reversed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*James L. Coe* (*Frank Whipple,* of counsel), for appellants.

*Avery Brothers* (*W. L. Jenks,* of counsel), for plaintiff.

CHAMPLIN, J. In this case depositions were taken in Cal- ifornia under a commission issued out of the circuit court

for the county of St. Clair.   The plaintiff offered in evidence
the notice and application for an order for the commission to
issue, together with proof of service; also the affidavit upon
which the application was based; also the notice of settle-
ment of interrogatories, with proof of service, together with
the interrogatories to be proposed, and the order allowing the
commission to issue, together with the return of the com-
mission; and offered to read the depositions in evidence.

The defendants' attorney objected to the depositions being
read in evidence, for the reason that the notice served on
him of the time and place of settling the interrogatories was
for 2 o'clock P. M. of the twelfth day of September, 1887,
and that he attended at that time, and was informed by the
commissioner that the interrogatories had been settled the
morning previous; and he requested leave, and was per-
mitted, to file his affidavit of the fact that he appeared in
obedience to the notice served on him, and also of the fact
that he had received no notice of the application to be made
at 9 o'clock A. M. for a commission.

The notice served upon him on settlement of interroga-
tories was attached to the affidavit, and is as follows:

" FILED APRIL 6, 1888.

" The Circuit Court for the County of St. Clair.
" NELSON CRONKHITE
            vs.
" HIRAM R. MILLS AND

DANIEL FOLLENSBEE.

" Sir: You will please take notice that on the twelfth day
of September, A. D. 1887, at the hour of two o'clock in the
afternoon, application will be made to Patrick H. Crimmins,
a circuit court commissioner of said county of St. Clair, for
the settlement of interrogatories to be annexed to a commis-
sion to be issued in the above-entitled cause to James I.
McKenzie, a notary public of Los Angeles, in the state of
California, for the taking of the evidence of Nelson Cronk-
hite, plaintiff, his wife, Mrs. Nelson Cronkhite, and James
A. Cronkhite.  At that time we shall propose interrogatories

to be addressed to said witnesses for settlement, of which the annexed are true copies.

"Yours, etc.,

"AVERY BROS.,

"Plaintiff's Attorneys.

"*Dated Aug.* 30, 1887."

The record also shows that such notice was served, as appears from the affidavit of Charles S. Northrup, so that there was no discrepancy in the proof as to-the time stated in the notice for the settlement of interrogatories.

The commissioner had no authority to settle the interrogatories before the hour appointed in the notice, and the court should not have permitted the depositions to have been read in evidence.

Some of the interrogatories were objectionable as calling for hearsay testimony, and others were so framed as to call for incompetent testimony. Special mention is not necessary, as it is to be presumed that such questions will not be proposed in case another commission is applied for.

The commissioner named in the application and in the commission was James I. McKenzie, and the commission was executed and returned by James S. McKenzie. This would not necessarily be a sufficient ground to reject the depositions. The question would resolve itself into that of the identity of the person who executed the commission with the person named in it.

As there must be a new trial for the error stated, the other exceptions will not be passed upon.

Judgment reversed, and a new trial ordered.

The other Justices concurred.